IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.P. o.b.o. G.L.L.P. (minor),[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

    Defendant.

Case No. 23-1176-DDC

## MEMORANDUM AND ORDER

Before the court is plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 4), docketed August 28, 2023. Plaintiff's Complaint asks the court to review the finding "that the Plaintiff is not disabled" by the Acting Commissioner of the Social Security Administration. Doc. 1 at 2 (Compl. ¶ 11). Plaintiff asserts that the Commissioner's finding "is not based upon substantial evidence and is contrary to 10th Circuit case law." *Id*. Plaintiff's filing includes an Affidavit of Financial Status supporting plaintiff's request. Doc. 4 at 2–7. For the reasons explained below, the court grants plaintiff's application.

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit plaintiff to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied. Although the statute speaks of incarcerated individuals, it "applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

---

[1]     The court makes all of its Memoranda and Orders available online. Therefore, as part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption these opinions using only plaintiff's initials.

Section 1915(a)(1) requires that plaintiff demonstrate an inability to afford the costs of litigation. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant motions to proceed IFP. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (internal quotation marks and citation omitted). And, the court should adopt a "liberal policy" that permits proceeding IFP "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay." *Watley ex rel. A.E.R.V.W. v. Saul*, No. 20-1019-KHV, 2020 WL 1689679, at *1 (D. Kan. Apr. 7, 2020) (citation omitted). But, the court may not rule such requests arbitrarily or erroneously. *Garcia*, 164 F. App'x at 786 n.1. Thus, "to succeed on a motion to proceed IFP," a movant "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action." *Lister*, 408 F.3d at 1312 (citation omitted). When a parent proceeds on behalf of a minor, "the financial resources of both the minor and the parent should be considered in determining the ability to pay the costs of litigation." *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) (citation omitted).

Exercising its discretion, the court finds that plaintiff has made this requisite showing. The motion asserts that plaintiff is "without means to pay the fees, costs or security to file" this suit. Doc. 4 at 1. The attached affidavit testifies that plaintiff's father, who proceeds on behalf of the minor plaintiff, is unemployed. *Id*. at 3. Plaintiff's father receives Social Security disability payments of $1089 per month. *Id*. at 5. Two of the father's dependent children also receive Social Security benefits, but the court considers those payments assigned to the designated child's care, not proper to use for court fees. *Id*. While plaintiff's father's spouse receives a monthly salary of $850, plaintiff's father and his spouse support four dependent children, with monthly expenses and outstanding obligations that, taken together, exceed their

monthly income. *Id*. at 4–6. Last, plaintiff's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action" by contesting the substantiality of the evidence and the accuracy of the Commissioner's finding under relevant Tenth Circuit precedent. *Lister*, 408 F.3d at 1312 (citation omitted). So, plaintiff has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations. *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 4) is granted. The Clerk is directed to prepare a summons on plaintiff's behalf under Fed. R. Civ. P. 4. In addition, the Clerk shall issue the summons to the United States Marshal or Deputy Marshal, who the court appoints to effect service under Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

**Dated this 7th day of September, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**